UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARON WIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-302 |
| | ) |
| THE TRUSTEES OF PURDUE | ) |
| UNIVERSITY and LESLIE CLARK, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Sharon Wight ("Plaintiff" or "Wight"), by counsel, and hereby files this lawsuit against the Defendant The Trustees of Purdue University ("Purdue") under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Section 504")*,* and against Purdue and Defendant Leslie Clark under the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq*. ("FMLA")*.*

**PARTIES**

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Purdue is a land grant institution of higher education that operates and conducts business in the Northern District of Indiana.

4. Clark is an employee of Purdue residing in the Northern District of Indiana.

**JURISDICTION AND VENUE**

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117.

6. Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(A), and an "employee" within the meaning of 42 U.S.C. § 12111(4).

7. Purdue is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A)(i) and 42 U.S.C. § 12111(5).

8. Clark is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I).

9. Wight satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Wight and this lawsuit is brought within 90 days of that notice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. Defendant hired Wight as an instructor by its predecessor entity, Indiana University-Purdue University Fort Wayne, in August 2012. Wight became an Academic Advisor in July 2017. Following the predecessor entity split, Wight continued in the role of Academic Advisor with Defendant.

12. In November 2019, Defendant promoted Wight to the role of Senior Academic Advisor. At all relevant times described below, Wight worked within Defendant's School of Education at its Fort Wayne campus.

13. Wight has an autoimmune disorder called antiphospholipid syndrome which substantially limits major life activities. Among other things, the autoimmune disorder places her at greater risk of serious symptoms and complications from other diseases.

14. In 2021, Wight sought accommodations from Defendant due to her disability in order to carry out the essential functions of her job during the ongoing COVID-19 pandemic.

Specifically, she sought accommodations to allow her to meet with and advise students while reducing risk of exposure to COVID-19.

15. Defendant purported to grant accommodations to Wight as set forth in a letter dated October 11, 2021. The accommodations included (1) allowing Wight to meet with students virtually; (2) allowing Wight to use a large conference room to allow social distancing if in-person meetings were necessary; and (3) allowing Wight to continue to require visitors to wear masks if the university repealed its mask mandate that was in effect at the time.

16. Notwithstanding the formal grant of accommodations, Defendants repeatedly pressured Wight to work without the accommodations and disciplined her for insisting that the accommodations be followed.

17. Clark, Director of the School of Education Student Success Center, repeatedly insisted that Wight meet personally with student walk-ins when other advisors were unavailable regardless of whether the large conference room was available and whether Wight could socially distance herself from the students.

18. In addition, when Purdue repealed its mask mandate, Clark told Wight she could not require students to wear masks when meeting with her notwithstanding the accommodation previously granted. The directive from Clark in violation of the accommodations were given repeatedly both verbally and in writing.

19. On or about February 18, 2022, Clark gave written discipline to Wight because Wight was purportedly not meeting the expectation to "[p]rovide academic advising to students." Clark communicated that Wight was not meeting with a sufficient number of students. However, Wight's ability to meet with students was limited because the conference room necessary for social distancing was frequently unavailable.

20. Again ignoring Wight's accommodations, Clark's written discipline stated that Wight she needed to "[m]eet with any and all 'walk-in students' when other advisors are unavailable."

21. On June 2, 2022, Clark placed Wight on a Performance Improvement Plan ("PIP") which included concerns about student communication and "[s]tudent walk-ins being turned away" and which required her to "[m]eet with student walk-ins when they come to office."  Wight was expected to meet with students whether or not the large conference room was available and whether or not they agreed to wear a mask in her presence.

22. On or about October 27, 2022, Wight advised Clark by phone that she needed to have surgery in mid-November and asked about taking unpaid leave under the FMLA.

23. On November 11, 2022, six days before Wight's scheduled surgery, Clark terminated Wight's employment for the ostensible reason that she failed to complete the PIP.

24. Purdue terminated Wight because of her disability, history of disability, and/or in retaliation for Wight's request for accommodations.  Purdue's actions were taken in violation of Wight's rights under the ADA and Section 504.

25. Defendants terminated Wight in retaliation for requesting leave pursuant to the FMLA and further interfered with Wight's rights to job-protected leave under the FMLA.

26. Wight has suffered and will suffer damages as a result of Defendants' unlawful actions.

## COUNT I

## ADA – FAILURE TO ACCOMMODATE

27. Plaintiff hereby incorporates paragraphs 1 through 26 of her Complaint.

28. As set forth above, although Purdue purported to grant accommodations for Wight's disability, in practice it denied her request for accommodations in violation of the ADA by continually insisting that she work without accommodations.

29. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

30. Wight seeks prospective equitable relief in the form of reinstatement and/or front pay for Purdue's violations of the ADA.

## COUNT II

## ADA -- DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs 1 through 30 of her complaint.

32. Purdue subjected Wight to disparate treatment because of Wight's disability.

33. Purdue terminated Wight because of her disability and/or because it regarded Wight as disabled and/or because of Wight's record of disability.

34. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

35. Wight seeks prospective equitable relief in the form of reinstatement and/or front pay for Purdue's violations of the ADA.

## COUNT III

## ADA - RETALIATION

36. Plaintiff hereby incorporates paragraphs 1 through 35 of her Complaint.

37. Wight requested a reasonable accommodation for her disability.

38. Wight's request for a reasonable accommodation constitutes statutorily protected activity.

39. Purdue subjected Wight to disparate treatment because of Wight's statutorily protected activity.

40. Purdue terminated Wight because of she engaged in statutorily protected activity.

41. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

42. Wight seeks prospective equitable relief in the form of reinstatement and/or front pay for Purdue's violations of the ADA.

## COUNT IV

### SECTION 504 – FAILURE TO ACCOMMODATE

43. Plaintiff hereby incorporates paragraphs 1 through 42 of her Complaint.

44. Purdue receives Federal financial assistance.

45. As set forth above, although Purdue purported to grant accommodations for Wight's disability, in practice it denied her request for accommodations in violation of the ADA by continually insisting that she work without accommodations.

46. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

47. Wight has been damaged because of Purdue's failure to accommodate, including, but not limited to, termination of her employment.

## COUNT V

### SECTION 504 -- DISCRIMINATION

48. Plaintiff hereby incorporates paragraphs 1 through 47 of her complaint.

49. Purdue receives Federal financial assistance.

50. Purdue subjected Wight to disparate treatment because of Wight's disability.

51. Purdue terminated Wight because of her disability and/or because it regarded Wight as disabled and/or because of Wight's record of disability.

52. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

53. Wight has been damaged because of Purdue's unlawful discrimination.

## COUNT VI

### SECTION 504 - RETALIATION

54. Plaintiff hereby incorporates paragraphs 1 through 53 of her Complaint.

55. Purdue received Federal financial assistance.

56. Wight requested a reasonable accommodation for her disability.

57. Wight's request for a reasonable accommodation constitutes statutorily protected activity.

58. Purdue subjected Wight to disparate treatment because of Wight's statutorily protected activity.

59. Purdue terminated Wight because she engaged in statutorily protected activity.

7

60. Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

61. Wight has been damaged because of Purdue's unlawful retaliation.

## COUNT VII

## FMLA -- INTERFERENCE

62. Plaintiff hereby incorporates paragraphs 1 through 61 of her Complaint.

63. Wight requested leave pursuant to the FMLA.

64. Defendants terminated Wight's employment six days before Wight's statutorily protected leave was to commence.

65. By terminating Wight, Defendant's interfered with Wight's right to statutorily protected leave under the FMLA.

66. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Wight's FMLA rights.

67. Wight seeks prospective equitable relief in the form of reinstatement and/or front pay for Purdue's violations of the FMLA.

68. Wight seeks lost wages and benefits, as well as liquidated damages, from Clark for Clark's violations of the FMLA.

## COUNT VIII

## FMLA -- RETALIATION

69. Plaintiff hereby incorporates paragraphs 1 through 68 of her Complaint.

70. Wight requested leave pursuant to the FMLA.

71. Defendants terminated Wight's employment in retaliation for requesting statutorily protected leave under the FMLA

72. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Wight's FMLA rights.

73. Wight seeks prospective equitable relief in the form of reinstatement and/or front pay for Purdue's violations of the FMLA.

74. Wight seeks lost wages and benefits, as well as liquidated damages, from Clark for Clark's violations of the FMLA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Sharon Wight respectfully requests that this Court find for her and order that:

1. Plaintiff be reinstated to her position with Purdue and/or front pay in lieu thereof;

2 Defendants pay lost wages and benefits to Plaintiff;

3. Defendant Purdue pay compensatory and punitive damages to Plaintiff;

4. Defendant Clark pay liquidated damages to Plaintiff;

5. Defendants pay pre- and post-judgment interest to Plaintiff;

9

6. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

7. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Sharon Wight, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com